UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | CRIMINAL NO. H-07-271 |
| § | |
| RICHARD BELL § | |

**ORDER**

**1.　Background**

In response to the defendant's motion for reduction of bond (Dkt.37), the Government filed a renewed motion to detain the defendant pending trial. (Dkt. 38). Standing by its original position that the defendant posed an unacceptable flight risk (which this court previously rejected ), the Government also invoked a new ground for detention not previously asserted, that the defendant "is a danger to the community." This new ground was said to be based upon information not known to the government at the time of the original detention hearing. At the direction of United States District Judge Gray Miller, an evidentiary hearing on these motions was held before this magistrate judge on August 9, 2007.

Specifically, the Government asserts that Bell "is a danger to a specific person in community [sic]– namely his wife Joni Ballard." At the hearing, FBI Special Agent Charles Pritchett recounted a conversation with Ms. Ballard, who has recently instituted divorce proceedings against Bell, in which she expressed a fear that Bell might try to harm or even kill her if he were released from custody. The substance of this conversation was put in the form of a written affidavit that Ballard executed on July 20, 2007. This affidavit (with a

single redaction) was attached to the Government's motion as Exhibit 1, and an unredacted version of the affidavit was proferred at the hearing. As explained in the affidavit, Ballard's fears were not rooted in any event which occurred after the original detention hearing. Instead, it recited a history of "verbal and physical abuse [which] has continued throughout our marriage." This abuse culminated in a misdemeanor assault in March 2000, for which Bell was duly convicted and incarcerated for five days. The affidavit also recites other domestic disturbances over the years; the most recent incident occurred days before Bell's arrest on the current charges, when he chased her around the kitchen island after she had asked him about the status of their tax filing in the presence of other family and friends. She called the police, he left the house, no charges were filed.

**2.     Analysis**

The Government's motion is not well taken for several reasons. First, the Government's authority to move for detention based on danger to the community is not unlimited. The Bail Reform Act confines that authority to a limited range of cases involving certain predicate offenses, such as crimes of violence, drug offenses, life imprisonment or death penalty cases, and the like. *See* 18 U.S.C. § 3142(f)(1)(A)-(E); *United States v. Byrd*, 969 F.2d 106, 109-10 (5th Cir. 1992). Bell is charged by indictment with several counts of bank fraud and false statement, offenses that are plainly not predicate offenses under § 3142(f)(1)(A)-(E). So the Government lacks statutory authority to move for detention based on danger to the community in this case.

The Government acknowledged as much at the initial detention hearing. At the close of the evidence the following colloquy took place with counsel for the Government:

> THE COURT: All right. So, you're moving for detention based on risk of flight?
>
> MS. BEEK: Yes, your honor.
>
> THE COURT: All right. And not on danger to the community?
>
> MS. BEEK: That's correct, your honor.

Tr. 53. Thus, even had legal grounds existed for the Government to move for detention based on danger to the community, this statement in open court expressly waived those (or any other)[1] grounds.

The Government unconvincingly argues that any limits on its authority to seek detention based on danger to the community are removed once a detention hearing is reopened under § 3142(f). The relevant statutory provision reads:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information at the hearing was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

---

[1] The Government never asserted its only other available ground for detention under the statute, which is a serious risk of obstruction of justice or intimidation of a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(B). Nor does the Government's current motion expressly invoke that grounds. Even had it done so, there are no "new" facts supporting this claim not already known to the Government at the time of the original hearing. The Government's own supplemental motion (p. 2, n.1) admits that Ballard was "involved" in Counts One and Two of the indictment, and so she was certainly known to be a "prospective witness" by then.

18 U.S.C. § 3142(f). This passage merely addresses the two conditions precedent for reopening the hearing – that the new information (1) was not previously known and (2) has a material bearing on conditions of release. Nothing here purports to address (much less repeal) the carefully delineated limits on Government detention motions set out earlier in that same section. Permitting the Government to assert, on rehearing, a ground for detention forbidden at the initial hearing is not only irrational, but also a recipe for gamesmanship. Unsurprisingly, the Government has offered no reason supported by logic or case law to justify its position.

Moreover, the "new" information offered by the Government – that Bell's history of domestic violence suggests he poses a danger to his wife – was not unknown to the Government at the time of the original hearing. The Pretrial Service Report fully recounted Bell's criminal record, including the misdemeanor assault and violation of protective order. In fact, the report specifically emphasized that his wife had been the victim of that assault, and that she would not be willing to co-sign a bond for him. This report was provided to counsel at the initial hearing, and both sides were given opportunity to object to its contents. Tr. 48-51. Thus, even if the Government were authorized to move for detention based on danger to the community, its prior knowledge would preclude reopening the hearing on that basis.[2]

---

[2] Ballard's recent affidavit may have provided some specific details of the abuse that the Government did not know until the FBI agent was sent to interview her. Nevertheless, these details merely filled in the overall picture previously outlined in the PTS report.

Finally, even assuming the Government could surmount these legal barriers, its evidence falls well short of the clear and convincing standard necessary to support a detention based on danger to the community. 18 U.S.C. § 3142(f). Until the time of his arrest, Ballard and Bell continued to live together in the same home as man and wife. The marriage continued during and despite all the abusive events recounted in her affidavit. Ballard has only recently filed for divorce, apparently (and understandably) in response to Bell's arrest and indictment. While Bell's history of abuse recounted in Ballard's affidavit, if true, is serious, it must also be weighed in light of the fact that they are now opposing litigants in civil proceedings. To the extent Bell might pose a danger to her, the court finds that the conditions of release imposed[3] are reasonably sufficient to assure her safety. For all these reasons, the Government's motion to detain is denied.

With regard to the defendant's motion to reduce bail, the court finds no basis to alter the bond previously set. While some of Bell's previously listed assets (such as his yacht) have now been repossessed or foreclosed upon, his civil attorney testified that he now has more than sufficient cash to make the required $30,000 deposit. Based on the testimony of defendant's mother, the court finds that she is qualified to stand as the required surety on the bond. Other than that minor modification, the defendant's motion for reduction of bond is denied.

---

[3] Specifically, the defendant is placed on GPS location monitoring, and is to avoid all contact of any sort, in person or in writing, with Ballard, her children, or her father.

**3.     Conclusion**

The Government's motion to detain is again denied.  The defendant's motion to reduce bond is also denied, subject to the minor modification that his mother will be permitted to stand as the required surety on the $300,000 bond.

Signed at Houston, Texas on August 10, 2007.

Stephen Wm Smith
United States Magistrate Judge