UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-07-271 |
| | § | |
| RICHARD BELL *in custody* | § | |

## ORDER

Pending before the court is defendant's motion for specific performance of plea agreement. Dkt. 55. Upon consideration of the motion, response, reply, and the applicable law, defendant's motion is DENIED.

## BACKGROUND

Richard Bell was indicted on six counts, including bank fraud and making false statements. Dkt. 1. Magistrate Judge Smith set Bell's bond at $300,000 with a 10% cash deposit and approved surety. Dkt. 9. Bell moved for a reduction of bond which the government vigorously opposed. Dkts. 37, 38, 39, & 41. After an evidentiary hearing, Magistrate Judge Smith denied Bell's motion for reduction, but held that Bell's mother's net worth would not disqualify her as co-surety. Dkt. 45. The government filed an emergency motion with this court asking that the Magistrate Judge's ruling be stayed pending an appeal of his decision regarding the co-surety. Dkt. 43. Although, the court issued the stay and scheduled a hearing, the parties indicated that they had reached an agreement and passed on the hearing. Dkt. 55, at 2.

The parties agree that they had negotiations regarding a plea agreement. However, they differ regarding whether agreement had been reached. Regardless, on November 6, 2007, the government indicated that it would "rescind its agreement" with Bell. Dkt. 55, Ex. C. The government explained

that certain facts had come to light that prompted it not only to rescind its agreement, but to seek a superceding indictment that added counts of money laundering. *Id.* Moreover, the government claimed to have received information of a credible threat on the life of the AUSA in charge of the case. *Id.* Once the government informed Bell that the agreement had been withdrawn, Bell moved the court for specific performance. Dkt. 55.

### ANALYSIS

Bell argues that under basic contract law, the plea agreement has been breached and the proper remedy is specific performance. The court disagrees. Although contract law can inform any inquiry regarding a plea agreement, it can do no more than that because "plea agreements are constitutional contracts." *Ricketts v. Adamson*, 483 U.S. 1, 16, 107 S. Ct. 2680 (1987); *United States v. Norris*, 486 F.3d 1045, 1049 (8th Cir 2007) (en banc). And, a criminal defendant does not have a constitutional right to specific performance on a plea agreement before he has pled guilty unless he has relied to his detriment on promises made by the government. *Mabry v. Johnson*, 467 U.S. 504, 507-08, 509, 104 S. Ct. 2543 (1984). *Cf. United States v. Yater*, 756 F.2d 1058, 1063-64 (5th Cir. 1985). Here, the defendant has not pled guilty, and the court has not yet accepted the plea agreement. Therefore, the agreement—if there was one—was merely an executory promise and not enforceable.

However, assuming *arguendo* that the government and Bell had reached an agreement, specific performance would still not be warranted because Bell did not rely upon the putative agreement to his detriment. *Mabry*, 467 U.S. at 509. Bell argues that in consideration for an 11(e)(1)(c) plea agreement to a one count criminal information and an agreed sentence of 6 years, he "drop[ped] his efforts for pre-trial release." Dkt. 55, at 2. But, based on the record, it was the government that dropped its efforts to appeal Magistrate Judge Smith's ruling, not the defendant.

*See* Dkt. 43. And even if Bell did promise to cease his efforts, he has not demonstrated that his cessation was part of the agreement. The government gained no benefit or unfair advantage due to Bell's alleged cessation. *Norris*, 486 F.3d at 1049 (citing *United States v. Wessels*, 12 F.3d 746, 752-53 (8th Cir. 1993)). A plea agreement must specifically require pre-plea cooperation. *Id.* The unexecuted plea agreement submitted by the defendant makes no mention of pre-plea cooperation. Dkt. 55, Ex. B. Moreover, the agreement does contain the following clause:

> This written plea agreement, consisting of 13 pages, together with the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

*Id.* Accordingly, Bell has not shown that he relied to detriment on a plea agreement with the government.

## CONCLUSION

Pending before the court is defendant's motion for specific performance of plea agreement. Dkt. 55. For the foregoing reasons, defendant's motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on January 3, 2008.

_____
Gray H. Miller
United States District Judge